People of the State of Illinois ex rel. Fred Dosch, Substituted for Louis Schroeder, Deceased, Appellant, v. Harry H. Wise et al., Appellees.

Gen. No. 9,633.

Opinion filed February 14, 1941.

Vernon J. Knox, of McHenry, and C. Russell Allen, of Woodstock, for appellant.

Paul J. Leitzell, of Chicago, for appellees.

Irving S. Roth, *per se.*

· Mr. Justice Huffman delivered the opinion of the court.

This is a quo warranto proceeding brought by appellant in the circuit court of McHenry county against appellees to require them to show cause why they were exercising the right to be officers of the village of Lily Lake in said county. The information was filed on May 5, 1939. It recited that appellees were exercising powers of village officers pursuant to an election held for the organization of said village; alleging that the petition filed in the county court, pursuant to which the election was held, did not contain the requisite number of signatures; and that the election to incorporate the territory as a village was therefore null and void. After certain preliminary proceedings, appellees filed their answer on July 3, 1939. While the matter was thus pending before the circuit court, and on July 12, 1939, the General Assembly passed a validating act (ch. 24, sec. 358n, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 139.056(2)]) which was for the purpose of validating such proceedings. Thereafter on motion of appellees, the proceedings were dismissed by the trial court. Appellants prosecuted an appeal to the Supreme Court, which court has transferred the cause to this court on the ground that a proceeding to test the right of a person to hold and execute the duties of such an office does not involve a franchise, and that a review would not lie to that court on direct appeal. (*People ex rel. Dosch v. Wise,* 374 Ill. 298.)

As above stated this case is based upon the claim that the petition filed with the county court did not contain the number of signatures required by statute,

and that therefore the election was void. Such objection is now obviated by the curative act above mentioned, and the court did not err in dismissing the case. The question whether there were a sufficient number of signers is no longer a question for consideration and is nonexistent.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*